### EUGÈNE KETELTAS v. JAMES MYERS, JR.

In declaring against the maker of a promissory note, it is necessary for the plaintiff, if he do not adopt the form prescribed by § 162 of the Code, to aver, as matters of fact—The making of the note by the defendant; the promise contained therein or implied in such making; the facts which constitute the plaintiff the holder, promisee, or person entitled to the benefit of the promise; and the breach by the defendant of the promise contained in the note or thereby implied.

An averment, that "the said sum is due and owing to the plaintiff," is a statement of an inference of law, and is not a sufficient averment of a breach of the promise by the defendant.

If a party seeks to avail himself of the short mode of declaring, given by § 162 of the Code, he must conform to its requirements. He must not only give a copy of the note, but must state that the sum specified is due on the note and from the defendant.

The Code allows liberality and freedom, as well as brevity and conciseness, in pleading; but looseness and uncertainty are not sanctioned.

THE plaintiff declared as follows:

"City and county of New York, ss.

"The complaint of Eugene Keteltas, plaintiff against James Myers, Jr., defendant.

"First, That the plaintiff, on the first day of July, 1853, for

value received, made and delivered to the said plaintiff his promissory note in writing and payable to the order of the plaintiff, and endorsed by him, of which the following is a copy:

"'NEW YORK, July 1st, 1853.

"'Sixty days after date, I promise to pay to the order of Eugene Keteltas, two hundred and four 67-100 dollars, for value received.                                    "'JAMES MYERS, JR.,

$204 67.                                       "'661 Water street.'

"That there is due and owing the said plaintiff the said sum of two hundred and four 67-100 dollars, with interest thereon from the second day of September, one thousand eight hundred and fifty-three.   Wherefore the plaintiff demands judgment against the said defendant for the said sum of two hundred and four 67-100 dollars, with interest from the 2d day of September, 1853."

The defendant put in a demurrer, in these words:

"The defendant demurs to the complaint in this action, on the ground that the same does not state facts sufficient to constitute a cause of action, and specifies the following grounds of objection thereto:   1st. That it does not appear, and is not stated or averred that the plaintiff is the holder or owner of the note in the complaint mentioned.   2d. That it does not appear and is not stated or averred that the same or any part thereof remains unpaid.   3d. That it does not appear and is not stated or averred what sum of money is   or that there is any sum whatever due or owing to said plaintiff upon said note.   4th. That it does appear and is averred that the property of said note is not in said plaintiff, but has been assigned by endorsement thereof."

Judgment was given at a special term for the defendant, upon the demurrer, with the usual leave to amend the complaint upon payment of costs.   The following opinion was filed on the decision, by DALY, J.:

"The plaintiff avers that the note was made and delivered to him by the defendant.   This is sufficient to show title in the plaintiff, and a formal allegation that he is the owner or holder is unnecessary.   There is no averment of a transfer of the note

by endorsement. The complaint states that the plaintiff endorsed the note, without setting forth anything further. This is a statement of an endorsement in blank without alleging a delivery, which amounts to nothing. The complaint is, however, in other respects defective, and the demurrer is well taken. The plaintiff was at liberty, the note being an instrument for the payment of money, to declare in the manner pointed out by the Code or in any other manner, if he set forth sufficient to show that he had a good cause of action. If he frames his complaint in conformity to the Code, he must, in addition to giving a copy of the note, allege that there is due by the defendant on the note a certain sum, specifying it; or if he adopts a different mode of declaring, it must appear not only that the defendant entered into the contract, but that it remained unperformed when the action was brought. He must allege a breach, either in the old form that the defendant neglected and refused to pay the note (1 Chitty, 365, 375), or at least that it remained due and unpaid (3 M. and S. 150). After alleging the making of the note by the defendant, and giving a copy of it, the complaint states that there is due and owing to the plaintiff said sum of two hundred and four dollars and sixty-seven cents, the amount which it appears by the note as set forth the defendant promised to pay. The words 'the said sum,' do not necessarily denote, because it is the same amount as stated in the body of the note, that the note remains due and unpaid, or that that sum is due and owing upon the note. For all that appears in the complaint, it might refer to some other sum due and owing to the plaintiff.

" There might be another note for the same amount to which it would be as applicable as to the note declared on.

" In the present liberal mode of regarding pleading, it is not usual to insist upon great technical nicety in setting out a cause of action, but reasonable precision of language is essential under any form of pleading, and I should feel unwilling to admit by upholding the present complaint, that a complaint so framed would be a proper precedent hereafter.

" It must therefore be amended by averring either in accord-

Keteltas *v.* Myers.

ance with the Code that the amount specified is due and owing by the defendant on the note, or else a general averment that the note remains due and unpaid."

The plaintiff appealed to the general term.

*C. Bainbridge Smith*, for the plaintiff, cited, Code, § 162; *Roberts* v. *Morrison*, 11 Leg. Obs. 60; Story Prom. Notes § 106; Best on Presumptions, § 137; 31 Law Library, N. S. 187; *Smith* v. *Rockwell*, 2 Hill, 482; 7 Bing. R. 774, 6; 1 Chitty on Pleading, 9 Am. ed. p. 723; *Howe* v. *Bowes*, 16 East, 112; *Sanderson* v. *Bowes*, 14 ib. 500; *Haxton* v. *Bishop*, 3 Wend. 20; *Gay* v. *Paine*, 5 How. Pr. Rep. 107, and case there cited; *Peets* v. *Bratt*, 6 Barb. S. C. R. 662.

*Robert B. Potter* and *Clarkson N. Potter*, for the defendant, cited *Butterworth* v. *Lord*, 1 M. and S. 150; and other cases.

BY THE COURT. WOODRUFF, J.—The object of the Code of Procedure was to simplify the rules of pleading and practice, by dispensing with technical rules and forms, and useless verbiage, and to introduce a system in which it should be only necessary to state the substantial matter of complaint.

But unless it has been done by § 162, the Code nowhere dispenses with a statement of the facts which upon the trial it is necessary for a plaintiff to prove, in order to make out a cause of action.

Liberality and freedom, as well as brevity and conciseness, are allowable, but looseness and uncertainty are nowhere sanctioned.

First, then, it was necessary, before the Code, in declaring on a promissory note against the maker, that the plaintiff should aver the making of the note; the promise contained therein or implied thereby; the facts which constituted the plaintiff the holder, promisee or person entitled to enforce the promise, and the breach of the promise contained in or implied from the making of the note.

These were all matters of substance, and indispensable to a good declaration, and such matters are not dispensed with by the Code, except so far as the section above referred to (numbered 162) has introduced a new practice.

Tested by these rules, the complaint in this case appears to me defective. It consists of an averment that the defendant made and delivered to the plaintiff the promissory note of which a copy is set forth, and that it is payable to the order of the plaintiff and endorsed by him. And then, after setting forth the note, the pleader adds, " that there is due and owing to the said plaintiff the said sum of $204 67, with interest from the second day of September."

The making by the defendant is averred.

The delivery to the plaintiff, payable to his order, is doubtless a sufficient averment of facts constituting the plaintiff the holder, and entitling him to enforce the cause of action, if any.

In conformity with modern decisions, it may be said that an averment of making and delivery of the writing, and giving its very terms, to wit, "I promise to pay," etc., is a sufficient averment of the promise by the defendant, though it was formerly held otherwise. (See Bac. Abr. Tit. Assumpsit, F.; *Morris et ux.* v. *Norfolk,* 1 Taunt. 217; *Mountford* v. *Horton,* 2 New R. (5 Bos. and P.), and cases cited in the note.)

The only remaining requisite is the allegation of the breach of promise. This need not be averred in any particular form, but it must be in such form that it charges default of performance of the promise, and charges that default upon the defendant, and in such wise that it may be met by a distinct counter-allegation, so as to create a material issue.

Thus, an averment that the defendant hath not paid the sum mentioned in the said note. And in general, as stated by Chitty (1 Chit. Pl. 325), the breach should be assigned in the words of the contract, though it is sufficient to assign the breach in words containing the sense and substance of the contract.

Now in this case it is not averred that the defendant hath not paid, or hath not performed his promise in any form; nor

even that the money mentioned in the note has not been paid, or that it remains unpaid.

The pleader says that that sum is due and owing to the plaintiff. This is the statement of a mere legal inference from a breach which is not averred at all. But even this is not charged upon the defendant. He does not aver that the said sum is due and owing to the plaintiff from the defendant.

To warrant the legal inference that the money is due and owing, it is necessary to aver the promise and the breach of it by the defendant, for without both of these no such inference arises. The plaintiff's counsel insisted, on the argument, that the possession of the note and its production was sufficient to raise the implication that it was not paid. That may be conceded; but that only goes to the mode in which the non-payment is to be proved, not to show that averment of non-payment is unnecessary. A plaintiff must aver the facts essential to his right of recovery; the mode of proving those facts is a different matter.

I think the plaintiff here has failed to put the defendant in default by an averment of any breach of contract or any facts amounting to such a breach, and therefore that the demurrer to the complaint was well taken, unless his complaint can be sustained under § 162 of the Code.

Second. By § 162 it is provided that " in an action founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims."

I agree with the opinion given at special term, that if a plaintiff seeks to avail himself of the privilege given by this section, he must conform to its requirements. He cannot be allowed to say that the legislature have relaxed or dispensed with the former mode of declaring on a written instrument and given a substitute, and now the court may dispense with compliance with the rules required in the substitute itself. The sum claimed is neither alleged to be due, on the note, nor to be due from the defendant.

The defects in this complaint are easily amended. The court would not, I think, have hesitated to allow an amendment, even after the demurrer was interposed, without costs. The court have no disposition to withhold indulgence or encourage objections that are trifling or unsubstantial, but there must be some rules of pleading and practice, and if so, they must be maintained.

I think the order sustaining the demurrer, and ordering judgment for the defendant should be affirmed.

Order sustaining the demurrer affirmed.